UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHON M. MARK,

                Plaintiff,

v.

WISCONSIN DEPARTMENT OF
CORRECTIONS, MS. METZEN,
C.O. II CODOTTE, LT. TESS,
MARK WEISBERGER, JUDY SMITH,
CAPT. SCHAUB, TIM PIERCE, LT. KUSTER,
CHAPLAIN REINKE, CHAPLAIN CLARK,
JENNY DELAUX, MS. FERMANICH,
C.O. II BURROWS, SGT. TONI,
MS. BLODGETT, SGT. JACKSON,
JANE DOE sued as Ms. "G,"
TIMOTHY DOUMA, CAPT. HOULE,
C.O. II KLICK, CAPT. MEITZEN,
LT. BARBER, CAPT. THOMPSON,
LT. DOMAN, JOHN AND JANE DOES,
and LT. FINK,

                Defendants.

Case No. 14-CV-447-JPS

ORDER

      The plaintiff, who is currently incarcerated at Stanley Correctional Institution, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated during his time at Oshkosh Correctional Institution. (*See, e.g.,* Compl. ¶ 1 (discussing "OSCI staff"; "OSCI" is the Wisconsin Department of Corrections' abbreviation for Oshkosh Correctional Institution, *see* http://doc.wi.gov/families-visitors/ find-facility/ oshkosh-correctional-institution). This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

      The plaintiff was assessed an initial partial filing fee of $51.07, and paid the entire $350.00 filing fee on May 22, 2014. (Docket #9).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain

sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff's complaint is very complex. It alleges many different claims against many different defendants. To the best of its ability, the Court can identify the following claims:

1. Two (2) RICO-related claims:

    a. the first against unnamed staff for receiving "kickbacks" from UPS for using UPS' shipping services (Compl. ¶ 1); and

    b. the second against named staff who allegedly retaliated against the plaintiff for raising RICO violations in April and May of 2014 (Compl. ¶ 4).

2. Four (4) First Amendment claims relating to an alleged denial of meaningful access to the Courts:

    a. the first against unnamed staff for failing to provide adequate legal resources on April 16, 2008 (Compl. ¶ 2);

    b. the second against separate, named staff for failing to provide adequate legal resources on an unspecified date (Compl. ¶ 3);

    c. the third against named staff who allegedly interfered with the plaintiff's ability to exhaust his remedies by not providing copies of complaints, which are necessary for appeal (Compl. ¶ 6); and

    d. the fourth against named staff for rejecting complaints that are based upon one incident but allege multiple causes of action, preventing exhaustion (Compl. ¶ 8).

3. Three (3) First Amendment claims relating to religious practices:

    a. the first against named staff who reclassified the plaintiff as Wiccan and provided Wiccan materials, when the plaintiff is, in fact, "a Ritual Magician of the Golden Dawn" (Compl. ¶ 5);

b. the second against unnamed staff for improper and arbitrary enforcement of DOC Adm. Code § 303.70, for failing to provide Ritual Magician holy book materials while the plaintiff was in segregation (Compl. ¶ 7); and

c. the third against named staff for destroying the plaintiff's religious material, allegedly in retaliation for filing a complaint (Compl. ¶ 9).

4. One (1) First Amendment retaliation claim against named staff for punishing the plaintiff (in unspecified manner) for exercising his rights to free speech (Compl. ¶ 17).

5. Five (5) Due Process claims:

a. against a named staff-member who "refus[ed] to compel her staff to answer questions" that the plaintiff asked regarding alleged destruction of evidence that could have allegedly proven his innocence in a disciplinary matter (Compl. ¶ 12);

b. against named and unnamed staff for restricting access to legal materials (Compl. ¶ 13);

c. against named and unnamed staff for "refusing to provide notice of confidentiality" regarding inmate complaints (Compl. ¶ 14);

d. against named and unnamed staff for not allowing the plaintiff to call witnesses at a disciplinary proceeding (Compl. ¶ 15); and

e. against named staff for "violat[ing] the 'fair play'" by not sending the completed record (of an unspecified proceeding) back to the hearing committee (Compl. ¶ 18).

6. Three (3) other, vague claims, which do not specify a legal basis:

   a. an unspecified cause of action against named and unnamed staff who allegedly "conspire to harass" the plaintiff based upon reports of opposing conduct reports and filing repeated complaints, although the nature of the harassment is not made clear (Compl. ¶ 10);

   b. another unspecified cause of action for retaliation against named and unnamed staff for meeting in secret with the object of harassing the plaintiff for opposing conduct reports and filing complaints, again with the nature of the harassment being unclear (Compl. ¶ 11); and

   c. a third unspecified (though perhaps Due Process-related) cause of action for instituting disciplinary procedures against the plaintiff for filing a complaint (Compl. ¶ 16).

This "shotgun" approach to the complaint, by which the plaintiff has included many different claims against many different named and unnamed individuals, creates several problems.

To begin, it fails to satisfy Rule 8(a)(2)'s requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." To be sure, the plaintiff need not plead any specific facts; instead, he need only "give the defendant fair notice of" the claims he is asserting "and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, to state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Here, the plaintiff's claims contain very little factual content. In fact, the complaint is practically void of any specific factual allegations that would put the defendant on notice of the claims being levied against them. The most specific that the plaintiff gets is to provide dates in several paragraphs, but those dates are not connected to any *actual* factual allegations. (*See, e.g.*, Compl. ¶¶ 4, 9–11, 16).

Moreover, the plaintiff's complaint does not provide a "plain statement" of his claims and are largely based upon labels and conclusions. While the complaint is short, it includes a vast number of claims, many of which appear unrelated to one another and do not provide a plain statement of the basis for relief. In addition to being confusing, the claims are largely based upon conclusory assertions of liability.

The plaintiff's complaint also runs afoul of Rules 18 and 20 of the Federal Rules of Civil Procedure. Based on the court's reading of the complaint, it appears that the plaintiff is attempting to improperly bring unrelated claims in a single case.

As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a), Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that a "party asserting a

claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the court in *George* reminded district courts that Rule 20, Federal Rules of Civil Procedure, applies as much to prisoner cases as it does to any other case. 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

The court finds that the complaint violates Rules 18 and 20 insofar as it advances multiple unrelated claims against multiple defendants. While some of the claims relate to identical defendants, the complaint as a whole does not comport with Rules 18 and 20. The claims are largely unrelated to one another (or if they are related, then the allegations do not make clear *how* they are related). To be clear, the Court simply cannot distinguish between the myriad claims and myriad defendants to tell which claims satisfy the *George* requirements and which do not; the problem is exacerbated by the complaint's failings under Rule 8(a)(2).

The *George* court instructed that such "buckshot complaints" should be "rejected." *Id.* Therefore, the court will strike the original complaint submitted on April 17, 2014. The Court will, however, allow the plaintiff to file an amended complaint. The plaintiff should ensure that the amended

complaint complies with Rules 8(a)(2), 18, and 20. To be clear, this means that the complaint should join multiple defendants in this action only to the extent the claims against them arise out of the same transaction or that there are common facts or law. Fed. R. Civ. P. 20. Likewise, to the extent that the plaintiff wishes to allege wholly separate claims against wholly separate defendants, he must do so in a separate suit or suits. Fed. R. Civ. P. 18. Finally, whichever claims the plaintiff decides to include in his amended complaint, he should ensure that those claims are based upon a short and plain statement, including factual allegations sufficient to raise the right to relief above the speculative level and to give the defendants notice of the claims against them

The plaintiff is advised that, because an amended complaint supersedes a prior complaint, any matters not set forth in the amended complaint are, in effect, withdrawn. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). If the plaintiff files an amended complaint, it will become the operative complaint in this action, and the court will screen it in accordance with 28 U.S.C. § 1915A.

Accordingly,

IT IS ORDERED that the complaint submitted on April 17, 2014, be and the same is hereby STRICKEN;

IT IS FURTHER ORDERED that the plaintiff is directed to file an amended complaint on or before July 3, 2014, which contains only related claims in accordance with this Order;

IT IS FURTHER ORDERED that if the plaintiff does not file an amended complaint by July 3, 2014, that complies with the requirements of

Rules 8, 18, and 20, of the Federal Rules of Civil Procedure, this action will be dismissed for failure to prosecute;

IT IS FURTHER ORDERED that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857; and

IT IS FURTHER ORDERED that the plaintiff shall submit all correspondence and legal material to:

> Honorable J.P. Stadtmueller
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge