# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JONATHON M. MARK,**

    **Plaintiff,**

    v.                                           **Case No. 14-CV-447**

**CO II CADOTTE, LT. TESS,**
**MARK WEISGERBER,**
**JUDY P. SMITH, and CAPT. SCHAUB,**

    **Defendants.**

## ORDER

The *pro se* plaintiff, Jonathon M. Mark, a former Wisconsin state prisoner[1], filed this civil rights action pursuant to 42 U.S.C. § 1983. On August 12, 2014, United States District Judge J.P. Stadtmueller screened the second amended complaint under 28 U.S.C. § 1915A and granted Mark's petition for leave to proceed *in forma pauperis* on an access to the courts claim. The parties consented to magistrate judge jurisdiction and the case was reassigned to this Court on September 12, 2014. The defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons I explain below, I will grant the motion.

## MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To state a cognizable claim

---

[1] Mark was incarcerated when he commenced this action. On November 26, 2014, he notified the Court that he had been released from prison.

under the federal notice pleading system, the plaintiff is required to provide a short and plain statement of the claim showing that he is entitled to relief. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). For the purposes of a motion to dismiss, a judge must accept as true all of the factual allegations in the complaint. *Erickson*, 551 U.S. at 94. However, the plaintiff is obligated to provide more than labels and conclusions and a "formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 550 U.S. at 555 (internal citations omitted). Rather, the complaint allegations "must be enough to raise a right to relief above the speculative level." *Id.*

## FACTUAL BACKGROUND

Mark was housed at Oshkosh Correctional Institution (OSCI) at all time relevant to this lawsuit. (Second Am. Compl., Docket # 14.) The defendants are OSCI employees: Judy Smith is the Warden, Mark Weisgerber is the Security Director, James Schaub is the Segregation Captain, Tom Tess is a Lieutenant, and Karen Cadotte is an officer. (*Id.* at 2 ¶¶ 4-8.)

Mark had a filing deadline of May 12, 2008 for Case Number 2007AP2370-CR. (*Id.* at 2 ¶ 10.) The complaint does not provide any details about what Case Number 2007AP2370-CR was about or what he had to file by May 12, 2008. (*Id.*) Mark was placed into Temporary Lock-Up status on April 29, 2008. (*Id.* at 2 ¶ 11.) Subsequently, Mark told the defendants he needed his legal materials for the May 12, 2008, filing deadline, but he did not receive them. (*Id.* at 4-5 ¶¶ 24-28.) Mark alleges that he was unable to file for a continuance because he did not have his legal materials and that his appeal was dismissed because he could not file for a continuance. (*Id.*)

The Wisconsin Court of Appeals dismissed Case No. 2007AP2370-CR on May 19, 2008, because Mark moved for voluntary dismissal:

> The appellant has filed a notice of voluntarily dismissal of this pro se appeal. Wis. Stat. Rule 809.18. The notice explains that the appellant does not have access to his legal materials and cannot file the required appellant's brief and appendix that was due, on final extension, on May 12, 2008. The appellant does not request an additional extension. The notice plainly indicates the appellant's desire to dismiss the appeal. We must dismiss an appeal when an appellant files a notice of voluntary dismissal pursuant to Rule 809.18, before a decision has been issued. *See State v. Lee*, 197 Wis. 2d 960, 965, 524 N.W.2d 143 (1996). Therefore,
>
> IT IS ORDERED that the appeal is dismissed pursuant to WIS STAT. RULE 809.18.

(Defs.' Exh. 1001.)[2] This case was an appeal of a criminal conviction. (*Id.*)

## DISCUSSION

The defendants make three arguments in support of their motion to dismiss Mark's second amended complaint. First, they argue that the second amended complaint fails to create a plausible inference that 2007AP2370-CR is a nonfrivolous and arguable claim. Second, they argue that the attempted access to courts claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Third, they argue that Mark did not experience an actual injury in 2007AP2370-CR because he chose to voluntarily dismiss that case.

Mark responds that he pled sufficient prejudice in 2007AP2370-CR because the Wisconsin Court of Appeals told him it would not grant him any additional extensions. He also contends that

---

[2] Exhibit 1001 is a certified copy of the Wisconsin Court of Appeals order dismissing *State v. Mark*, Case Number 2007-AP-2370-CR. A court can take judicial notice of matters of public record when ruling on a motion to dismiss, without converting the motion into one for summary judgment. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997). The dismissal order is mentioned in Mark's second amended complaint. An authentic document mentioned in a complaint that is central to the plaintiff's claim can be considered on a motion to dismiss without converting the motion into one or summary judgment. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

the defendants should not have withheld his legal materials because there was a temporary injunction against the Wisconsin Department of Corrections, based on 1994 Decision and Order from the Dane County Circuit Court.

The Constitution guarantees prisoners a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). But because that right is to access the *courts* rather than legal materials or law libraries, an inmate will not have a valid claim unless the prison authorities' conduct prejudiced a potentially meritorious challenge to his conviction, sentence, or conditions of confinement. *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009); *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

The point of recognizing an access to the courts claim "is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002). The constitutional right of access to court "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415; *see also Lewis*, 518 U.S. at 353 (plaintiff must identify a "nonfrivolous," "arguable" underlying claim). Accordingly, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Harbury*, 536 U.S. at 415.

In the present case, Mark's second amended complaint does not meet this requirement. The only facts Mark pleads regarding 2007AP2370-CR are that he had a May 12, 2008 filing deadline, he could not file for a continuance, and that the case was dismissed as a result. He does not allege what type of case 2007AP2370-CR is or what claim it involves. Accordingly, he has not pled an

essential element of an access to the courts claim. This is sufficient grounds to dismiss Mark's second amended complaint.

Additionally, Mark's second amended complaint is *Heck*-barred. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) prohibits § 1983 claims for money damages "that would necessarily imply the invalidity of the fact of an inmate's conviction, or necessarily imply the invalidity of the length of an inmate's sentence[.]" Thus, an inmate must first obtain a favorable termination of the underlying criminal conviction or sentence through habeas corpus before they can state an access to courts claim for prejudice in a criminal case. *See Burd v. Sessler*, 702 F.3d 429, 432 (7th Cir. 2012). The *Heck* prohibition applies even if habeas relief is no longer available as long as the "plaintiff could have sought collateral relief at an earlier time but declined the opportunity and waited until collateral relief became unavailable before suing." *Burd*, 702 F.3d at 436 (emphasis original).

Here, I take judicial notice that 2007AP2370-CR is an appeal of a Mark's criminal conviction. Mark does not plead that he obtained reversal of the conviction or sentence he was challenging in 2007AP2370-CR. Hence, the claim is *Heck*-barred.

Lastly, a plaintiff cannot maintain an access to the courts claim based on an underlying case that he voluntarily dismissed. *See Jenkins v. S. Carolina Dep't of Corr.*, 2006 WL 1663808, at *7 (D. S.C. May 16, 2006); *Wilson v. Freeman*, 2012 WL 2712454, at *3 (D. S.C. June 14, 2014); *Johnson v. Beardslee*, 2007 WL 2302378, at *7 (W.D. Mich. Aug. 8, 2007). Here, Mark chose to voluntarily dismiss 2007AP2370-CR. Mark contends that he had no choice but to voluntarily dismiss because the Wisconsin Court of Appeals previously ordered that it would not grant further extensions. However, it is possible that the state court would have granted Mark additional time given the circumstances. Moreover, although he alleges that he was unable to file a motion for a continuance

because he did not have his legal materials, he was able to file a request for voluntary dismissal. Mark could have sought an extension of time instead of filing the request for voluntary dismissal. Having voluntarily dismissed his case, Mark cannot claim actual injury.

Based on the foregoing, the defendants' motion to dismiss will be granted.

**NOW, THEREFORE, IT IS ORDERED** that the defendants' motion to dismiss (Docket # 26) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 28th day of January, 2015.

BY THE COURT

s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge